UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN JEROME MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21CV1280 HEA |
| ) | |
| ST. LOUIS CITY JAIL JUSTICE CENTER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Kevin Moore brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the initial partial filing fee at this time. *See* 28 U.S.C. §§ 1915(a)(1) & (b)(4). However, based on a review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. As such, Plaintiff's motion for appointment of counsel will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at St. Louis City Justice Center. ECF No. 1 at 2. Plaintiff submitted an application to proceed in district court without prepaying fees or costs. ECF No. 2. Although the application states that an inmate must submit a certified prison account statement, Plaintiff has not done so. In a note attached to his complaint, Plaintiff states that he is unable to submit an account statement because "no case worker will print it out" for him. ECF No. 1-1. Regardless, in his affidavit, Plaintiff states that he has no job, no assets, and no money in his prison account. Based on this financial information, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against defendant "St. Louis City Jail Justice Center" ("SLCJC") – the location where he is currently being held as a pretrial detainee. ECF No. 1 at 1-2.  Plaintiff states that he fell off the top bunk in September 2019 at SLCJC, dislocating his right shoulder and injuring his back.  *Id.* at 4.  On the day of the fall, Plaintiff was taken to St. Louis University Hospital for evaluation.  However, since then, Plaintiff alleges that he has "not had effective medical care."  He complains about daily pain, including pain in his back, shoulder, and inner left thigh.  He states that he has not seen a doctor about his pain in over a year, despite his repeated requests to see a doctor since August 2020.  He states that he has "not gotten any medical treatment / medical care."  *Id.*  However, Plaintiff also states that he has received X-rays and over-the counter medications.  But he states that those medications "do not provide any relief."  *Id.* at 5.

Plaintiff summarizes his injuries as a dislocated shoulder and chronic pain. *Id.* He seeks money damages and fees. *Id.* at 6.

### Plaintiff's Previous Litigation

Despite Plaintiff's assertion on his 'Original Filing Form' that no same or substantially equivalent complaint has been previously filed in this court (ECF No. 1-3), Plaintiff did file a case in August 2020 complaining (among other things) about inadequate medical care received after falling off a bunk bed at the SLCJC. *See Moore v. Turner*, No. 4:20-CV-1032-SRC (E.D. Mo. Aug. 6, 2020). Plaintiff asserted that he suffered a head and shoulder injury from the fall, but that his medical needs were being denied by a SLCJC Doctor. Plaintiff wanted stronger pain medications and physical therapy. *Id.* at ECF No. 1. When the Court reviewed Plaintiff's allegations under 28 U.S.C. § 1915(e)(2), it found them to not be sufficiently harmful, cruel, or prolonged as necessary to support a claim of deliberate indifference. *Id.* at ECF No. 7 at 6. The Court directed Plaintiff to amend his complaint but dismissed the case when no amended pleadings were filed. *Id.* at ECF Nos. 8-9. Plaintiff has not appealed that December 2020 dismissal.

### Discussion

Based on a careful review and liberal construction of the complaint, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). Plaintiff attempts to assert a claim of deliberately indifferent medical care. The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this makes little difference as both pretrial detainees and convicted prisoners have the Constitutional protection of the Eighth Amendment. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as

imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

In this case, Plaintiff alleges that he has a medical problem with his shoulder and that he suffers from chronic pain. Although he asserts that he has "not gotten any medical treatment / medical care," Plaintiff admits that he was taken to the hospital on the day that he suffered the

shoulder injury, that he had X-rays taken at some point in time, and that he has been receiving over-the-counter pain medications. Plaintiff's allegations do not rise to the level of unnecessary and wanton infliction of pain. The factual allegations as stated do not demonstrate a deliberate disregard for Plaintiff's medical issues.

Plaintiff states that the over-the-counter medications are not sufficient to treat his pain. However, a prisoner's disagreement with medical staff's decision to offer him over-the-counter medications, rather than prescription medication, does not constitute deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).

In addition, Plaintiff admits to having some evaluation and treatment of his shoulder injury. He seems to be asserting "mere disagreement" with the treatment plan and a denial of his requested course of treatment. This is not enough to support a claim of deliberate indifference. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation"); *Vaughn v. Gray*, 557 F.3d 904, 909 (8th Cir. 2009) (an inmate's Eighth Amendment rights are not violated by a defendant's exercise of her professional judgment, resulting in a refusal to implement the inmate's requested course of medical treatment); *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (stating that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment" fails to rise to the level of a constitutional violation); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.").

Moreover, Plaintiff does not state exactly who at the SLCJC has denied his requests for treatment and additional pain medication. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208

(8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff does not name a specific medical employee defendant who has allegedly denied him care or treatment.

Furthermore, the only defendant that Plaintiff does name – the St. Louis City Justice Center – is not a suable entity.  Plaintiff's complaint is subject to dismissal for failure to state a claim because jails and local government detention centers, like the St. Louis City Justice Center, are not suable entities under 42 U.S.C. § 1983.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). According to the Eighth Circuit, "pro se status does not excuse [Plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009).  As such, Plaintiff's complaint fails to state a cognizable § 1983 claim as to the only named defendant, St. Louis City Justice Center.

### Conclusion

The allegations of Plaintiff's complaint are insufficient to state a claim of deliberately indifferent medical care in violation of the Constitution.  Furthermore, the only named defendant is not a suable entity in this case brought under 42 U.S.C. § 1983.  As such, this case will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  The pending motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant St. Louis City Jail Justice Center because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendant St. Louis City Jail Justice Center are **DISMISSED without prejudice**. *See* 28 U.S.C. §1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  25th  day of January, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE